## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**
101 Hampton Rd.
Oak Ridge, TN 37830 )

    Plaintiff, )

VS. )    CIVIL ACTION NO. B2LA0176
)    JURY DEMAND

**MICHAEL A. LARAGLIA, M.D.,**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831 )

**METHODIST MEDICAL CENTER OF**
**OAK RIDGE,**
c/o John Geppi, Registered Agent
1410 Centerpoint Blvd., Suite 401
Knoxville, TN 37932 )

**TEAM HEALTH, INC.,**
c/o The Prentice-Hall Corporation
System, Inc., Registered Agent
2908 Poston Avenue
Nashville, TN 37203 )

**SOUTHEASTERN EMERGENCY**
**PHYSICIANS, INC.,**
c/o The Prentice-Hall Corporation
System, Inc.
2908 Poston Avenue
Nashville, TN 37203 )



**TAMMY JONES, R.N.,**
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )

)

**JAMES T. AKAGI, in his**
**Individual capacity only** )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)

**JOHN THOMAS, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)

**MAX SMITH, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)

**CITY OF OAK RIDGE, TN** )
Mayor Tom Beehan )
Oak Ridge Municipal Building )
200 S. Tulane Avenue )

)

**JOHN DOE(S), individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)

And )

)

**JOHN DOE(S), individually** )
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )

2

## SUMMONS

To the above-named defendant(s):     Michael Lapaglia, M.D.
c/o Methodist Medical center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _15_ day of _June_, 2012.

_BARRY E. PELIZZARI_
Clerk

_Betty B. Taylor,_
Deputy Clerk

### NOTICE

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the     following manner:

_____ [ ] failed to
serve this summons within thirty (30) days after its issuance because:

_____
_____

Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**                    )
101 Hampton Rd.                              )
Oak Ridge, TN 37830                          )
                                             )
     Plaintiff,    )
                                             )
VS.                                          )          CIVIL ACTION NO. B2LA0176
                                             )          JURY DEMAND
**MICHAEL A. LARAGLIA, M.D.,**               )
c/o Methodist Medical Center                 )
990 Oak Ridge Turnpike                       )
Oak Ridge, TN 37831                          )
                                             )
**METHODIST MEDICAL CENTER OF**              )
**OAK RIDGE,**                               )
c/o John Geppi, Registered Agent             )
1410 Centerpoint Blvd., Suite 401            )
Knoxville, TN 37932                          )
                                             )
**TEAM HEALTH, INC.,**                       )
c/o The Prentice-Hall Corporation            )
System, Inc., Registered Agent               )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )
**SOUTHEASTERN EMERGENCY**                   )
**PHYSICIANS, INC.,**                        )
c/o The Prentice-Hall Corporation            )
System, Inc.                                 )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

**JAMES T. AKAGI, in his**
**individual capacity only**
200 S. Tulane Avenue
Oak Ridge, TN 37830

**JOHN THOMAS, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**MAX SMITH, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**CITY OF OAK RIDGE, TN**
Mayor Tom Beehan
Oak Ridge Municipal Building
200 S. Tulane Avenue

**JOHN DOE(S), individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

And

**JOHN DOE(S), individually**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

## SUMMONS

To the above-named defendant(s):

Methodist Medical Center of Oak Ridge
c/o John Geppi, Registered Agent
1410 Centerpoint Blvd, Suite 401
Knoxville, TN 37932

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _15_ day of _June_ 2012.

**BARRY E. PELIZZARI**

Clerk

Betty B. Taylor.
Deputy Clerk

## NOTICE

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the    following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____
Process Server

3

Case 3:12-cv-00371   Document 1-1   Filed 07/19/12   Page 6 of 44   PageID #: 10

**Wesley Antwan Gulley,**                    )
101 Hampton Rd.                              )
Oak Ridge, TN 37830                          )
                                             )
      Plaintiff,                     )
                                             )
VS.                                          )   CIVIL ACTION NO. B2LA0176
                                             )   JURY DEMAND
**MICHAEL A. LAPAGLIA, M.D.,**               )
c/o Methodist Medical Center                 )
990 Oak Ridge Turnpike                       )
Oak Ridge, TN 37831                          )
                                             )
**METHODIST MEDICAL CENTER OF**              )
**OAK RIDGE,**                               )
c/o John Geppi, Registered Agent             )
1410 Centerpoint Blvd., Suite 401            )
Knoxville, TN 37932                          )
                                             )
**TEAM HEALTH, INC.,**                       )
c/o The Prentice-Hall Corporation            )
System, Inc., Registered Agent               )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )
**SOUTHEASTERN EMERGENCY**                   )
**PHYSICIANS, INC.,**                        )
c/o The Prentice-Hall Corporation            )
System, Inc.                                 )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )

COPY

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

**JAMES T. AKAGI, in his
Individual capacity only**
200 S. Tulane Avenue
Oak Ridge, TN 37830

**JOHN THOMAS, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**MAX SMITH, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**CITY OF OAK RIDGE, TN**
Mayor Tom Beehan
Oak Ridge Municipal Building
200 S. Tulane Avenue

**JOHN DOE(S), individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

And

**JOHN DOE(S), individually**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
·)

## SUMMONS

To the above-named defendant(s):    Team Helath, Inc.
c/o The Prentice-Hall Corporation System, inc.,
Registered Agent
2908 Poston Avenue
Nashville, TN 37203

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this *15* day of *June*, 2012.

BARRY E. PELIZZARI
Clerk

*Betty B. Taylor*
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the         following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____
Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**                )
101 Hampton Rd.                          )
Oak Ridge, TN 37830                      )
                                         )
        Plaintiff,                       )
                                         )
VS.                                      )       CIVIL ACTION NO. B2LA0176
                                         )       JURY DEMAND
**MICHAEL A. LAPAGLIA, M.D.,**           )
c/o Methodist Medical Center             )
990 Oak Ridge Turnpike                   )
Oak Ridge, TN 37831                      )
                                         )
**METHODIST MEDICAL CENTER OF**          )
**OAK RIDGE,**                           )
c/o John Geppi, Registered Agent         )
1410 Centerpoint Blvd., Suite 401        )
Knoxville, TN 37932                      )
                                         )
**TEAM HEALTH, INC.,**                   )
c/o The Prentice-Hall Corporation        )
System, Inc., Registered Agent           )
2908 Poston Avenue                       )
Nashville, TN 37203                      )
                                         )
**SOUTHEASTERN EMERGENCY**               )
**PHYSICIANS, INC.,**                    )
c/o The Prentice-Hall Corporation        )
System, Inc.                             )
2908 Poston Avenue                       )
Nashville, TN 37203                      )
                                         )

COPY

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

**JAMES T. AKAGI, in his**
**individual capacity only**
200 S. Tulane Avenue
Oak Ridge, TN 37830

**JOHN THOMAS, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**MAX SMITH, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**CITY OF OAK RIDGE, TN**
Mayor Tom Beehan
Oak Ridge Municipal Building
200 S. Tulane Avenue

**JOHN DOE(S), individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

And

**JOHN DOE(S), individually**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## SUMMONS

To the above-named defendant(s):     Southeastern Emergency Physicians, Inc.
c/o The Prentice-Hall Corpoartion System
2908 Poston Avenue
Nashville, TN 37203

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _15_ day of _June_, 2012.

__BARRY E. PELIZZARI__
Clerk

_Betty B. Taylor_
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the    following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____
Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**                    )
101 Hampton Rd.                              )
Oak Ridge, TN 37830                          )
                                             )
    Plaintiff,           )
                                             )
VS.                                          )   CIVIL ACTION NO. B2LA0176
                                             )   JURY DEMAND
**MICHAEL A. LAPAGLIA, M.D.,**                )
c/o Methodist Medical Center                 )
990 Oak Ridge Turnpike                       )
Oak Ridge, TN 37831                          )
                                             )
**METHODIST MEDICAL CENTER OF**               )
**OAK RIDGE,**                                )
c/o John Geppi, Registered Agent             )
1410 Centerpoint Blvd., Suite 401            )
Knoxville, TN 37932                          )
                                             )
**TEAM HEALTH, INC.,**                        )
c/o The Prentice-Hall Corporation            )
System, Inc., Registered Agent               )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )
**SOUTHEASTERN EMERGENCY**                    )
**PHYSICIANS, INC.,**                         )
c/o The Prentice-Hall Corporation            )
System, Inc.                                 )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )

COPY

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

**JAMES T. AKAGI, in his**
**Individual capacity only**
200 S. Tulane Avenue
Oak Ridge, TN 37830

**JOHN THOMAS, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**MAX SMITH, individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

**CITY OF OAK RIDGE, TN**
Mayor Tom Beehan
Oak Ridge Municipal Building
200 S. Tulane Avenue

**JOHN DOE(S), individually**
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

And

**JOHN DOE(S), individually**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## SUMMONS

To the above-named defendant(s):      Tammy Jones, R.N.
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this $\underline{15}$ day of $\underline{\quad\textit{June}\quad}$, 2012.

$\underline{\text{BARRY E. PELIZZARI}}$
Clerk

$\underline{\textit{Betty B. Taylor}}$
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the      following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**                    )
101 Hampton Rd.                              )
Oak Ridge, TN 37830                          )
                                             )
     Plaintiff,     )
                                             )
VS.                                          )
                                             )
**MICHAEL A. LAPAGLIA, M.D.,**               )
c/o Methodist Medical Center                 )
990 Oak Ridge Turnpike                       )
Oak Ridge, TN 37831                          )
                                             )
**METHODIST MEDICAL CENTER OF**              )
**OAK RIDGE,**                               )
c/o John Geppi, Registered Agent             )
1410 Centerpoint Blvd., Suite 401            )
Knoxville, TN 37932                          )
                                             )
**TEAM HEALTH, INC.,**                       )
c/o The Prentice-Hall Corporation            )
System, Inc., Registered Agent               )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )
**SOUTHEASTERN EMERGENCY**                   )
**PHYSICIANS, INC.,**                        )
c/o The Prentice-Hall Corporation            )
System, Inc.                                 )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )

COPY

CIVIL ACTION NO. B2LA0176
JURY DEMAND

1

**TAMMY JONES, R.N.**,                                  )
c/o Methodist Medical Center                            )
990 Oak Ridge Turnpike                                  )
Oak Ridge, TN 37831                                     )
                                                        )
**JAMES T. AKAGI, in his**                              )
**Individual capacity only**                            )
200 S. Tulane Avenue                                    )
Oak Ridge, TN 37830                                     )
                                                        )
**JOHN THOMAS, individually**                           )
City of Oak Ridge Police Dept.                          )
200 S. Tulane Avenue                                    )
Oak Ridge, TN 37830                                     )
                                                        )
**MAX SMITH, individually**                             )
City of Oak Ridge Police Dept.                          )
200 S. Tulane Avenue                                    )
Oak Ridge, TN 37830                                     )
                                                        )
**CITY OF OAK RIDGE, TN**                               )
Mayor Tom Beehan                                        )
Oak Ridge Municipal Building                            )
200 S. Tulane Avenue                                    )
                                                        )
**JOHN DOE(S), individually**                           )
City of Oak Ridge Police Dept.                          )
200 S. Tulane Avenue                                    )
Oak Ridge, TN 37830                                     )
                                                        )
And                                                     )
                                                        )
**JOHN DOE(S), individually**                           )
c/o Methodist Medical Center                            )
990 Oak Ridge Turnpike                                  )
Oak Ridge, TN 37831                                     )

## SUMMONS

To the above-named defendant(s):          James T. Akagi
                                          200 S. Tulane Avenue
                                          Oak Ridge, TN 37830

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _15_ day of _June_, 2012.

___BARRY E. PELIZZARI___
Clerk

_Betty B. Taylor_
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the      following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

Process Server

3

**Wesley Antwan Gulley,**                    )
101 Hampton Rd.                              )
Oak Ridge, TN 37830                          )
                                             )
     Plaintiff,     )
                                             )
VS.                                          )   CIVIL ACTION NO. B2LA0176
                                             )   JURY DEMAND
**MICHAEL A. LAPAGLIA, M.D.,**               )
c/o Methodist Medical Center                 )
990 Oak Ridge Turnpike                       )
Oak Ridge, TN 37831                          )
                                             )
**METHODIST MEDICAL CENTER OF**              )
**OAK RIDGE,**                               )
c/o John Geppi, Registered Agent             )
1410 Centerpoint Blvd., Suite 401            )
Knoxville, TN 37932                          )
                                             )
**TEAM HEALTH, INC.,**                       )
c/o The Prentice-Hall Corporation            )
System, Inc., Registered Agent               )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )
**SOUTHEASTERN EMERGENCY**                   )
**PHYSICIANS, INC.,**                        )
c/o The Prentice-Hall Corporation            )
System, Inc.                                 )
2908 Poston Avenue                           )
Nashville, TN 37203                          )
                                             )

1

**TAMMY JONES, R.N.,**                      )
c/o Methodist Medical Center                )
990 Oak Ridge Turnpike                      )
Oak Ridge, TN 37831                         )
                                            )
**JAMES T. AKAGI, in his**                  )
**Individual capacity only**                )
200 S. Tulane Avenue                        )
Oak Ridge, TN 37830                         )
                                            )
**JOHN THOMAS, individually**               )
City of Oak Ridge Police Dept.              )
200 S. Tulane Avenue                        )
Oak Ridge, TN 37830                         )
                                            )
**MAX SMITH, individually**                 )
City of Oak Ridge Police Dept.              )
200 S. Tulane Avenue                        )
Oak Ridge, TN 37830                         )
                                            )
**CITY OF OAK RIDGE, TN**                   )
Mayor Tom Beehan                            )
Oak Ridge Municipal Building                )
200 S. Tulane Avenue                        )
                                            )
**JOHN DOE(S), individually**               )
City of Oak Ridge Police Dept.              )
200 S. Tulane Avenue                        )
Oak Ridge, TN 37830                         )
                                            )
And                                         )
                                            )
**JOHN DOE(S), individually**               )
c/o Methodist Medical Center                )
990 Oak Ridge Turnpike                      )
Oak Ridge, TN 37831                         )

## SUMMONS

To the above-named defendant(s):    John Thomas, individually
                                    City of Oak Ridge Police Dept.
                                    200 S. Tulane Avenue
                                    Oak Ridge, TN 37830

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this *15* day of *June*, 2012.

BARRY E. PELIZZARI
Clerk

*Betty B. Taylor*
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the          following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____

Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**       )
101 Hampton Rd.                 )
Oak Ridge, TN 37830             )
                                )
    Plaintiff,   )
                                )
VS.                             )    CIVIL ACTION NO. B2LA0176
                                )    JURY DEMAND
**MICHAEL A. LAPAGLIA, M.D.,**   )
c/o Methodist Medical Center     )
990 Oak Ridge Turnpike          )
Oak Ridge, TN 37831              )
                                )
**METHODIST MEDICAL CENTER OF**  )
**OAK RIDGE,**                   )
c/o John Geppi, Registered Agent )
1410 Centerpoint Blvd., Suite 401 )
Knoxville, TN 37932             )
                                )
**TEAM HEALTH, INC.,**           )
c/o The Prentice-Hall Corporation )
System, Inc., Registered Agent   )
2908 Poston Avenue              )
Nashville, TN 37203              )
                                )
**SOUTHEASTERN EMERGENCY**       )
**PHYSICIANS, INC.,**            )
c/o The Prentice-Hall Corporation )
System, Inc.                     )
2908 Poston Avenue              )
Nashville, TN 37203              )
                                )

COPY

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )
)
**JAMES T. AKAGI, in his** )
**individual capacity only** )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
**JOHN THOMAS, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
**MAX SMITH, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
**CITY OF OAK RIDGE, TN** )
Mayor Tom Beehan )
Oak Ridge Municipal Building )
200 S. Tulane Avenue )
)
**JOHN DOE(S), individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
And )
)
**JOHN DOE(S), individually** )
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )

## SUMMONS

To the above-named defendant(s):     Max Smith, individually
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _15_ day of _June_, 2012.

___BARRY E. PELIZZARI___
Clerk

_Betty B. Taylor_
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the     following manner:

_____

_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**
101 Hampton Rd.
Oak Ridge, TN 37830

    Plaintiff,

VS.

**MICHAEL A. LAPAGLIA, M.D.,**
c/o Methodist Medical Center
990 Oak Ridge Turnpike
Oak Ridge, TN 37831

**METHODIST MEDICAL CENTER OF OAK RIDGE,**
c/o John Geppi, Registered Agent
1410 Centerpoint Blvd., Suite 401
Knoxville, TN 37932

**TEAM HEALTH, INC.,**
c/o The Prentice-Hall Corporation
System, Inc., Registered Agent
2908 Poston Avenue
Nashville, TN 37203

**SOUTHEASTERN EMERGENCY PHYSICIANS, INC.,**
c/o The Prentice-Hall Corporation
System, Inc.
2908 Poston Avenue
Nashville, TN 37203

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

COPY

CIVIL ACTION NO. B2LA0176
JURY DEMAND

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )
)
**JAMES T. AKAGI, in his** )
**Individual capacity only** )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
**JOHN THOMAS, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
**MAX SMITH, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
**CITY OF OAK RIDGE, TN** )
Mayor Tom Beehan )
Oak Ridge Municipal Building )
200 S. Tulane Avenue )
)
**JOHN DOE(S), individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )
)
And )
)
**JOHN DOE(S), individually** )
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )

## SUMMONS

To the above-named defendant(s):      City of Oak Ridge, TN
                                      Mayor Tom Beehan
                                      Oak Ridge Municiapl Building
                                      200 S. Tulane Avenue
                                      Oak Ridge, TN 37830

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 15 day of June, 2012.

BARRY E. PELIZZARI
Clerk

Detty B. Taylor
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**
I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the       following manner:

_____
_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____
_____

_____
Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

| | |
|---|---|
| **Wesley Antwan Gulley,** | ) |
| 101 Hampton Rd. | ) |
| Oak Ridge, TN 37830 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   CIVIL ACTION NO. B2LA0176 |
| | )   JURY DEMAND |
| **MICHAEL A. LAPAGLIA, M.D.,** | ) |
| c/o Methodist Medical Center | ) |
| 990 Oak Ridge Turnpike | ) |
| Oak Ridge, TN 37831 | ) |
| | ) |
| **METHODIST MEDICAL CENTER OF** | ) |
| **OAK RIDGE,** | ) |
| c/o John Geppi, Registered Agent | ) |
| 1410 Centerpoint Blvd., Suite 401 | ) |
| Knoxville, TN 37932 | ) |
| | ) |
| **TEAM HEALTH, INC.,** | ) |
| c/o The Prentice-Hall Corporation | ) |
| System, Inc., Registered Agent | ) |
| 2908 Poston Avenue | ) |
| Nashville, TN 37203 | ) |
| | ) |
| **SOUTHEASTERN EMERGENCY** | ) |
| **PHYSICIANS, INC.,** | ) |
| c/o The Prentice-Hall Corporation | ) |
| System, Inc. | ) |
| 2908 Poston Avenue | ) |
| Nashville, TN 37203 | ) |
| | ) |

COPY

1

**TAMMY JONES, R.N.,**  )
c/o Methodist Medical Center  )
990 Oak Ridge Turnpike  )
Oak Ridge, TN 37831  )
 )
**JAMES T. AKAGI, in his**  )
**individual capacity only**  )
200 S. Tulane Avenue  )
Oak Ridge, TN 37830  )
 )
**JOHN THOMAS, individually**  )
City of Oak Ridge Police Dept.  )
200 S. Tulane Avenue  )
Oak Ridge, TN 37830  )
 )
**MAX SMITH, individually**  )
City of Oak Ridge Police Dept.  )
200 S. Tulane Avenue  )
Oak Ridge, TN 37830  )
 )
**CITY OF OAK RIDGE, TN**  )
Mayor Tom Beehan  )
Oak Ridge Municipal Building  )
200 S. Tulane Avenue  )
 )
**JOHN DOE(S), individually**  )
City of Oak Ridge Police Dept.  )
200 S. Tulane Avenue  )
Oak Ridge, TN 37830  )
 )
And  )
 )
**JOHN DOE(S), individually**  )
c/o Methodist Medical Center  )
990 Oak Ridge Turnpike  )
Oak Ridge, TN 37831  )

## SUMMONS

To the above-named defendant(s):     John Doe(s); individually
City of Oak Ridge Police Dept.
200 S. Tulane Avenue
Oak Ridge, TN 37830

2

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this __15__ day of _June_, 2012.

___BARRY E. PELIZZARI___
Clerk

_Betty B. Taylor_
Deputy Clerk

**NOTICE**

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the      following manner:

_____
_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____
_____
_____

_____
Process Server

3

## THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

**Wesley Antwan Gulley,**           )
101 Hampton Rd.                     )
Oak Ridge, TN 37830                 )
                                    )
          Plaintiff,                )
                                    )
VS.                                 )     CIVIL ACTION NO. B2LA0176
                                    )     JURY DEMAND
**MICHAEL A. LAPAGLIA, M.D.,**      )
c/o Methodist Medical Center        )
990 Oak Ridge Turnpike              )
Oak Ridge, TN 37831                 )
                                    )
**METHODIST MEDICAL CENTER OF**     )
**OAK RIDGE,**                      )
c/o John Geppi, Registered Agent    )
1410 Centerpoint Blvd., Suite 401   )
Knoxville, TN 37932                 )
                                    )
**TEAM HEALTH, INC.,**              )
c/o The Prentice-Hall Corporation   )
System, Inc., Registered Agent      )
2908 Poston Avenue                  )
Nashville, TN 37203                 )
                                    )
**SOUTHEASTERN EMERGENCY**          )
**PHYSICIANS, INC.,**               )
c/o The Prentice-Hall Corporation   )
System, Inc.                        )
2908 Poston Avenue                  )
Nashville, TN 37203                 )
                                    )

COPY

1

**TAMMY JONES, R.N.,**
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )

)
**JAMES T. AKAGI, in his** )
**Individual capacity only** )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)
**JOHN THOMAS, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)
**MAX SMITH, individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)
**CITY OF OAK RIDGE, TN** )
Mayor Tom Beehan )
Oak Ridge Municipal Building )
200 S. Tulane Avenue )

)
**JOHN DOE(S), individually** )
City of Oak Ridge Police Dept. )
200 S. Tulane Avenue )
Oak Ridge, TN 37830 )

)
And )

)
**JOHN DOE(S), individually** )
c/o Methodist Medical Center )
990 Oak Ridge Turnpike )
Oak Ridge, TN 37831 )

## SUMMONS

To the above-named defendant(s):      John Doe(s), individually
c/o Methodist medical Center
990 oak Ridge Turnpike
Oak Ridge, TN 37831

You are hereby summoned and required to serve upon Robert L. Jolley, Jr., plaintiff's attorney, whose address is 800 S. Gay Street, Suite 2100, Knoxville, TN 37929, an answer to the complaint herewith served upon you within thirty (30) days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this *15* day of *June*, 2012.

__BARRY E. PELIZZARI__
Clerk

*Betty B. Taylor*
Deputy Clerk

**NOTICE**

To the Defendant(s):

        Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**RETURN**

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a complaint on defendant _____ in the        following manner:

_____
_____

[ ] failed to serve this summons within thirty (30) days after its issuance because:

_____
_____

_____
Process Server

3

## CIRCUIT COURT FOR ANDERSON COUNTY, TN

| | | |
|---|---|---|
| **Wesley Antwan Gulley,** | ) | |
| 101 Hampton Rd | ) | |
| Oak Ridge, TN 37830 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. *B2LA0176* |
| | ) | JURY DEMANDED |
| **MICHAEL A. LAPAGLIA, M.D.,** | ) | |
| c/o Methodist Medical Center | ) | |
| 990 Oak Ridge Turnpike | ) | |
| Oak Ridge, Tennessee 37831 | ) | |
| | ) | |
| **METHODIST MEDICAL CENTER OF** | ) | |
| **OAK RIDGE,** | ) | |
| c/o John Geppi, Registered Agent | ) | |
| 1410 Centerpoint Blvd., Suite 401 | ) | |
| Knoxville, Tennessee 37932 | ) | |
| | ) | |
| **TEAM HEALTH, INC.,** | ) | |
| c/o The Prentice–Hall Corporation | ) | |
| System, | ) | |
| Inc., Registered Agent, | ) | |
| 2908 Poston Avenue | ) | |
| Nashville, Tennessee 37203 | ) | |
| | ) | |
| **SOUTHEASTERN EMERGENCY** | ) | |
| **PHYSICIANS, INC.,** | ) | |
| c/o The Prentice–Hall Corporation | ) | |
| System, | ) | |
| 2908 Poston Avenue | ) | |
| Nashville, Tennessee 37203 | ) | |
| | ) | |

CIRCUIT COURT CLERK
BARRY E. PELIZZARI
2012 JUN -1 PM 4: 13
FILED
BY

1

**TAMMY JONES, R.N.,**                  )
c/o Methodist Medical Center            )
990 Oak Ridge Turnpike                  )
Oak Ridge, Tennessee 37831             )
                                        )
**JAMES T. AKAGI, in his**              )
**individual capacity only**            )
200 S. Tulane Avenue                    )
Oak Ridge, Tennessee 37830             )
                                        )
**JOHN THOMAS, individually**           )
City of Oak Ridge Police Dept.          )
200 S. Tulane Avenue                    )
Oak Ridge, Tennessee 37830             )
                                        )
**MAX SMITH, individually**             )
City of Oak Ridge Police Dept.          )
200 S. Tulane Avenue                    )
Oak Ridge, Tennessee 37830             )
                                        )
**JOHN DOE(S), individually**           )
City of Oak Ridge Police Dept.          )
200 S. Tulane Avenue                    )
Oak Ridge, Tennessee 37830             )
                                        )
and                                     )
                                        )
**JOHN DOE(S), individually**           )
c/o Methodist Medical Center            )
990 Oak Ridge Turnpike                  )
Oak Ridge, Tennessee 37831             )
                                        )
        Defendants.                     )

## COMPLAINT

Comes the Plaintiff, and sues the Defendants and would show the Court as follows:

2

## I. INTRODUCTION

1. This is a civil rights action seeking compensatory and punitive damages and equitable relief against the Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution; and a claim under state law for false arrest and imprisonment, assault and battery, medical battery, outrageous conduct, violation of T.C.A. § 40-7-121, violation of T.C.A. § 29-20-101 et seq., and violation of Plaintiff's rights under Article I §§ 7, 8 of the Tennessee Constitution.

## II. PARTIES

2. Plaintiff is citizen and resident of Anderson County, Tennessee.

3. Defendant Michael A. LaPaglia, M.D., ("hereinafter "Doctor."") is a medical doctor licensed to practice in Tennessee and practicing emergency medicine at Methodist Medical Center of Oak Ridge. Upon information and belief, and at all times relevant, the Doctor was an employee of Southeastern and/or Team Health, Inc. and, at all times relevant, was an agent, servant or employee of Southeastern and/or Team Health, Inc. and/or Hospital.

4. Defendant Methodist Medical Center of Oak Ridge (hereinafter "Hospital") is a Tennessee corporation formed in Anderson County, whose principal office is located at 990 Oak Ridge Turnpike, Oak Ridge, Tennessee 37831. Hospital's registered agent for service of process is John Geppi, 1410 Centerpoint Boulevard, Suite 401, Knoxville, Tennessee 37932.

5. Defendant Team Health, Inc. is a Tennessee corporation whose principal office is located at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919. Team Health's registered agent for service of process is Prentice-Hall Corporation System, Inc., located at 2980 Poston Avenue, Nashville, Tennessee 37203.

6. Upon information and belief, Defendant Southeastern Emergency Physicians, Inc. (hereinafter "Southeastern") is a subsidiary corporation of Team Health, Inc. Southeastern has a principal office located at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37929. Southeastern's registered agent for service is Prentice-Hall Corporation System, Inc., located at 2980 Poston Avenue, Nashville, Tennessee 37203.

7. Upon information and belief, Defendant Tammy Jones is a person who claims to be a registered nurse and who claims to be licensed to practice in the State of Tennessee, and who, at all times relevant, was an agent, servant or employee of the Hospital.

8. Defendant Police Chief of Oak Ridge, Tennessee James T. Akagi (hereinafter "Police Chief") at all times relevant was the duly appointed Chief of Police for the City of Oak Ridge. As police chief, this Defendant acted under color of law and the customs and useages of

3

the State of Tennessee and was the final and highest decision maker in the establishment, formulation and implementation of policies and customs for the Oak Ridge Police Department. This Defendant is sued in his official capacity only.

10. Defendant City of Oak Ridge, Tennessee is a municipal entity organized and formed under the laws of the State of Tennessee and subject to suit pursuant to T.C.A. § 40-7-121(f) and/or T.C.A. § 29-20-101 et seq.

11. Defendants Thomas, Smith and John Does(s) were at all times relevant, police officers employed by the Oak Ridge Police Department, acting under color of law and under the customs and usages of the State of Tennessee. These Defendants are sued in their individual capacities.

12. Defendants Doctor, Jones and John Doe(s) were at all times relevant private citizens who acted in concert and combination with the other individual Defendants in conspiring to and effectuating the violation of Plaintiff's Fourth and Fourteenth Amendment rights, as well as his rights secured by Article I §§ 7 and 8 of the Tennessee Constitution and the various state law causes of action set out herein.

III. FACTS

13. On June 3, 2011, Defendant Thomas and Smith of the Oak Ridge Police Department initiated a traffic stop of a vehicle for an alleged traffic violation and in which Plaintiff was the driver.

14. During the traffic stop, Defendant Thomas, with the assistance of Smith, removed Plaintiff from the vehicle without out cause.

15. Defendant Thomas, with the assistance of Smith, immediately hand cuffed and instituted a custodial arrested of Plaintiff.

16. Defendant Thomas, with the assistance of Smith, moved Plaintiff, while cuffed, to the back of the vehicle and conducted a pat down search of Plaintiff's body, including his buttocks and genital area.

17. During the search Defendant Smith reached into Plaintiff's pocket and removed a sum of money and a cell phone which Thomas and Smith immediately seized.

18. John Doe arrived the location and Plaintiff was placed in John Doe's police car.

19. Upon inquiring, Plaintiff was informed that he was being arrested for possession of Schedule II.

4

20. Defendant Thomas and John Doe proceeded to enter and search Plaintiff's vehicle without Plaintiff's consent.

21. After searching Plaintiff's car for several minutes, Defendant Thomas employed K-9 Zoej to search the vehicle.

22. During the search K-9 Zoej allegedly alerted.

23. Defendant Thomas then opened the door to the vehicle and sent K-9 Zoej into the vehicle to search further.

24. K-9 Zoej allegedly alerted to a twenty ($20) dollar bill located on the driver seat inside the vehicle.

25. Defendant Thomas continued to search Plaintiff's vehicle for evidence of drug activity and found none.

26. Defendant Thomas, Smith and John Doe continued to detain Plaintiff.

27. Defendant Thomas, Smith and John Doe informed Plaintiff that he was being taken to the Oak Ridge Police Department for an intensive search.

28. Upon arrival at the Oak Ridge Police Department and while still in handcuffs, Plaintiff was placed into a room by himself with Defendant Smith standing at the door.

29. Defendant Thomas and additional John Does entered into the room Plaintiff was being held.

30. Defendant Thomas put on gloves and conducted an additional pat down search of Plaintiff.

31. Defendant Thomas rubbed his hands through Plaintiff's groin area, legs, and buttocks.

32. Defendant Thomas shook Plaintiff's pants.

33. Defendant Thomas pulled Plaintiff's pants out away from the front of Plaintiff's body and looked down Plaintiff's pants.

34. Defendant Thomas pulled Plaintiff's pants out away from the back of Plaintiff's body and looked down Plaintiff's pants.

35. Defendant Thomas pulled Plaintiff's underwear out away from the front of Plaintiff's body and looked down Plaintiff's underwear.

5

36. Defendant Thomas pulled Plaintiff's underwear out away from the back of Plaintiff's body and looked down Plaintiff's pants.

37. In Plaintiff's presence, Defendant Thomas stated to several John Does that Plaintiff would have to be taken the hospital.

38. Plaintiff was told he was being taken to the hospital.

39. Several minutes after being told he was being taken to the hospital, Plaintiff was placed in shackles.

40. Plaintiff was placed into the backseat of John Doe's police cruiser with Defendant Smith and John Doe drove.

41. The police cruiser in which Plaintiff was placed followed a police cruiser driven by Defendant Thomas.

42. Neither the sirens or emergency lights of either police cruise were employed.

43. Upon arrival at the hospital, Plaintiff was lead into the hospital in shackles by Defendants Thomas, Smith and John Doe.



48. Doctor then sought Plaintiff's consent to a digital rectal exam.

49. Plaintiff denied having any object in his rectum.

50. Plaintiff refused Doctor's request to perform a digital rectal exam.

51. Plaintiff had the mental capacity to refuse consent to the procedure.

6

52. Doctor made no finding that Plaintiff lacked the capacity to make his own healthcare decision in order to allow Doctor to make healthcare decisions on Plaintiff's behalf, as required by Tenn. Code Ann. 68-11-1801, et seq, specifically 68-11-1808 and 1812.

52. Despite Plaintiff's refusal, and in the presence of Defendant Thomas, Smith, and John Doe and without a warrant, Doctor informed Plaintiff that if Plaintiff did not allow him to perform a digital rectal exam Doctor would sedate Plaintiff and perform the exam without Plaintiff's consent.

53. In the face of Plaintiff's continued refusal to consent, Doctor ordered injectable sedative medication to be employed in performing the digital rectal exam in spite of Plaintiff's failure to consent.

54. Defendant Jones and/or nurse John Doe(s) ordered the injectable sedative medication that was to be employed in performing the digital rectal exam in spite of Plaintiff's failure to consent.

55. Only when faced with the futility of his denial of consent, the ordering of the sedative medication, the presence of Defendants Thomas, Smith and John Doe all of the Oak Ridge Police Department, did Plaintiff reluctantly, and as the result of the coercion, conspiracy and duress placed upon him by Defendants, did Plaintiff consent to a digital rectal exam.

56. While still handcuffed, Plaintiff was placed on his side on a hospital bed.

57. Plaintiff was under severe stress, scared and was very nervous.

58. Plaintiff's pants were pulled down by Defendant nurse John Doe9s), Jones, and/or Doctor.

59. Defendants Thomas, Smith and John Doe all remained present in the hospital exam room.

60. With Defendant Thomas of the Oak ridge Police Department standing at the left side of the foot of the bed, two (2) feet way, Doctor, with the assistance of Jones and nurse John Doe(s), performed the digital rectal exam.

61. These Defendants, acting in concert, and without the Plaintiff's consent and without obtaining any warrant, or other legal process, by exercise of coercion and undue influence effectively forced Plaintiff to consent to the digital rectal exam.

62. The digital rectal exam performed by Doctor did not reveal any foreign object in Plaintiff's rectum.

63. After the coerced digital rectal exam was conducted, Plaintiff was transported to the Anderson County Jail.

7

64. Plaintiff was never charged with any drug possession or drug related crime.

65. Despite the fact that it is only a citable offense under Tenn. Code Ann. § 40-7-118, Plaintiff was taken into custody and charged with evading arrest under Tenn. Code Ann. § 39-16-602.

66. Plaintiff was forced to make a bond.

67. Plaintiff was forced to hire an attorney to represent him.

68. Upon appearing in court on the evading arrest charge, the district attorney nolle prosequi the charge.

69. Plaintiff has incurred charges from the hospital as a result of the digital rectal exam.

70. Plaintiff has suffered ridicule from third parties as a result of the coerced rectal exam.

71. Plaintiff has suffered mental anguish as a result of the coerced rectal exam.

72. At all times relevant, Defendant Doctor was an agent, servant or employee of Defendant Team Health, Inc. and/or Southeastern and/or Hospital.

73. At all times relevant, the Defendant Jones was an agent, servant or employee of the Defendant Hospital.

74. At all times relevant, Defendant nurse John Doe(s) was an agent, servant or employee of the Defendant Hospital.

75. As a proximate result of the unlawful, improper actions of all the Defendants, and each of them acting jointly, severally, in combination and concert and as a result of the policy or custom of Defendants Police Chief and/or City of Oak Ridge, Tennessee, Plaintiff has suffered economic loss, physical injury, mental and emotional distress and other injury.

76. The actions of the individual Defendants and the Defendants Hospital, Team Health, Inc., and/or Southeastern, acting solely, and/or in concert and combination, was reckless, malicious, willful, intentional, oppressive and taken with a motive to intentionally harm Plaintiff and/or violate his clearly established constitutional rights and/or with such reckless disregard of those clearly established rights so as to render these Defendants liable to Plaintiff for punitive damages.

## IV. CAUSES OF ACTION

A. Fourth Amendment and Article I § 7

77. The actions of the Defendants Thomas, Smith and John Doe solely and/or in combination violated Plaintiff's right to be secure in his person from unreasonable seizures and

8

arrests as guaranteed by the Fourth Amendment to the United States Constitution and Article I §
7 of the Tennessee Constitution.

B. Fourth Amendment and Article I § 7
78. The actions of the Defendants Thomas, Smith, John Doe, Police Chief, Doctor, Jones, and
nurse John Doe(s) violated Plaintiff's right to unreasonable searches as guaranteed by the Fourth
Amendment to the U.S. Constitution and Article I § 7 of the Tennessee Constitution.

C. Fourteenth Amendment
79. The actions of the Defendants Thomas, Smith, John Doe, Police Chief, Doctor, Jones, and
nurse John Doe(s) solely and/or in combination as set out above violated Plaintiff's due process
rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I § 8 of
the Tennessee Constitution.

D. False Arrest and Imprisonment
80. The actions of Defendants Thomas, Smith, and John Doe solely and/or in combination
constitute false arrest and imprisonment.

E. Medical Battery
81. The actions of the Defendants Thomas, Smith, John Doe, Doctor, Jones, and nurse John Doe
(s) solely and/or in combination constitute medical battery.

F. T.C.A. § 40-7-121 and/or T.C.A. § 29-20-101 et seq.
82. The actions of the Defendants Thomas, Smith, and John Doe, Doctor, Jones, nurse John Doe
(s), and/or City of Oak Ridge, Tennessee violated Plaintiff's rights under T.C.A. § 47-7-121 and/
or T.C.A. § 29-20-101 et seq.

G. Assault and Battery
83. The actions of the Defendants Thomas, Smith, John Doe, Doctor, Jones and nurse John Doe
(s) constitute assault and battery.

H. Outrageous Conduct
84. The actions of the Defendants Thomas, Smith, John Doe, Doctor, Jones, and nurses John Doe
(s) constitute outrageous conduct.

I. Respondeat Superior
85. The Defendants Southeastern, Team Health, Inc. and Hospital are liable to
Plaintiff under the doctrine of Respondeat Superior for the complained of actions of their
respective agents, servants and/or employees as set above.

9

J. Violation of Tenn. Code Ann. §68-11-1801, et seq.

86. The actions Defendants Doctor, Jones, nurses John Doe(s), Southeastern, Team Health, and/or Hospital constitute violations of Tenn. Code Ann. § 68-11-1801, et seq., including but not limited to § 68-11-1812 and 1808.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

87. Enter a declaratory judgment, pursuant to T.C.A. § 29-14-102 et seq., finding and declaring that the policy or custom of the Defendants Sheriff and Police Chief, allowing officers in concert with private persons, to implement and/or conduct body cavity searches as complained of by Plaintiff violate Plaintiff's Fourth and Fourteenth Amendment Rights to the U.S. Constitution; Plaintiff's rights under Article 1 §§ 7 and 8 of the Tennessee Constitution; T.C.A. § 40-7-121; T.C.A. § 29-20-101 et seq.; and constitute the false arrest and imprisonment; assault and battery; medical battery, violation of Tenn. Code Ann. 68-11-1801, et seq. and/or outrageous conduct.

88. Issue an injunction prohibiting Defendant Sheriff and Police Chief from enforcing their policies or customs, allowing officers in concert with private persons or others, to implement and/or conduct body cavity searches under the conditions as complained of by Plaintiff herein.

89. Enter a judgment awarding Plaintiff compensatory and/or punitive damages.

90. Award Plaintiff his reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and Tenn. Code Ann. § 68-11-1811.

91. Award Plaintiff such other relief as he may show himself entitled to upon a hearing of this cause.

Respectfully submitted,

WESLEY GULLEY

BY:

ROBERT L. JOLLEY, JR. (BPR # 4707)
Attorney for Plaintiff
800 S. Gay Street
Knoxville, Tennessee 37929
Telephone: (865) 521-0963

10

BY: R. Arthur Jenkins
R. ARTHUR JENKINS (BPR # 020153)
Attorney for Plaintiff
P. O. Box 30104
Knoxville, Tennessee 37930
Telephone: (865) 531-7810

BY: Peter Alliman
WHITE, CARSON & ALLIMAN
PETER ALLIMAN (BPR #5984)
Attorney for Plaintiff
135 College Street
Madisonville, Tennessee 37354
Telephone: (423) 442-9000

By: Michael Ritter
Michael Ritter (BPR 12229)
Attorney for Plaintiff
103 W. Tennessee Ave
Oak Ridge, TN

## COST BOND

I, Robert L. Jolley and Peter Alliman, as sureties, are held and firmly bound unto the
Circuit Court for Anderson County, Tennessee for the payment of all costs awarded against the
principal. To that end, we bind ourselves, our heirs, executors and administrators.
The principal is commencing legal proceedings in the Circuit Court for Anderson
County Tennessee. If the principal shall pay all costs which are adjudged against them, then
said obligation is void. If principal shall not pay, then surety shall undertake to pay all costs
adjudged against the principal. Mandated at T.C.A. § 20-12-120, et seq.

SURETY

ROBERT L. JOLLEY, JR. (BPR # 4707)
Attorney for Plaintiff
800 S. Gay Street
Knoxville, Tennessee 37929
Telephone: (865) 521-0963

PETER ALLIMAN (BPR # 5984)
Attorney for Plaintiff
135 College Street
Madisonville, Tennessee 37354
Telephone: (423) 442-9000

11