## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **WESLEY ANTWAN GULLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. 3:12-CV-371 |
| | ) | (Bunning/Guyton) |
| **MICHAEL A. LAPAGLIA, M.D., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREED ORDER AUTHORIZING INSPECTION AND COPYING OF RECORDS
## BY RECORDS ACQUISITION SERVICES, INC.

It appearing to the Court that the parties are in agreement and for other good cause shown, it is

hereby ORDERED, ADJUDGED and DECREED that RECORDS ACQUISITION SERVICES, INC.

and/or its designated agents or representatives shall be allowed to inspect and copy any and all of the

following types of records/information concerning **WESLEY ANTWAN GULLEY**, so that RECORDS

ACQUISITION SERVICES, INC. may, in turn, disseminate copies of the same to all counselors who

appear or intervene in the captioned legal action on behalf of one or more of the parties according to the

terms as set forth herein:

1.        MEDICAL RECORDS – Any and all medical records from any and all medical doctors,

osteopaths, chiropractors, pharmacists, nurses, radiological technicians, laboratory technicians, therapists

and any other medical personnel or health care facilities or providers of any kind or nature, and including

but not limited to such records as any and all reports, records, notes, orders, consultations,

correspondence, assessments, telephone message logs, pharmaceutical records, bills, radiographic reports,

films and images, laboratory or pathology reports, or other medical records, including protected health

information as defined at 45 C.F.R. § 160.103, *et seq.* (a provision of the HIPAA Privacy Rule) of

whatever kind or nature compiled and/or recorded by any medical doctors, osteopaths, chiropractors,

pharmacists, nurses, radiological technicians, laboratory technicians, therapists and any other medical

personnel or health care facilities or providers of any kind or nature, in the treatment of **WESLEY**

**ANTWAN GULLEY**. "Medical records" **does not include non-privileged** written reports such as incident reports;

2.     MENTAL HEALTH RECORDS – Any and all mental health records from any and all psychiatrists, psychologists, social workers and any other mental health professional of any kind or nature, and including but not limited to such records as any and all medical records, psychotherapy notes, medical insurance records and any and all other documents pertaining to the mental health of **WESLEY ANTWAN GULLEY**, pursuant to T.C.A. § 24-1-107;

3.     EMPLOYMENT, INSURANCE AND EDUCATIONAL RECORDS – Any and all personnel records, attendance records, sick leave records, leave of absence records, disability records, workers compensation records, vacation records, evaluations, grievance file, insurance records, compensation records, school records, medical records and any and all other records kept or compiled, past or present, by any employer, insurer, school, university, trade school or local, state or federal governmental body or agency, pertaining to the health, employment and/or educational pursuits of **WESLEY ANTWAN GULLEY**;

Further, it is ORDERED that the defendants in the above-styled lawsuit are hereby *authorized* to release the above referenced types of information/records maintained by their respective custodians regarding **WESLEY ANTWAN GULLEY** to any counselor entering an appearance or intervening on behalf of any other party in the above-styled lawsuit, either directly or by way of RECORDS ACQUISITION SERVICES, INC.  This paragraph only *authorizes* release of what may otherwise be protected or private information; it does not prescribe the manner by which said information is to be released.

Further, it is ORDERED that all custodians possessing any of the above referenced types of information/records regarding **WESLEY ANTWAN GULLEY**, including but not limited to protected health information as defined at 45 CFR 160.103, *et seq.*, are authorized to release the same to any counselor, or his or her designed agent or representative, who enters an appearance or intervenes in the above-styled lawsuit on behalf of any captioned party (*See* 45 CFR 164.508(c)(1)(iii)).  Counselors who

procure or inspect records/information in accordance with this paragraph may only do so within a seventy-two (72) hour period of time prior to a discovery deposition or trial date; a copy of any and all records/information procured or inspected in accordance with this paragraph must be provided to the undersigned plaintiff's lawyer by hand-delivery, facsimile or other electronic means immediately upon the procuring or inspecting counselor's receipt or inspection of the same.

Further, it is ORDERED that the sole purpose for the release and/or disclosure of the records described herein to RECORDS ACQUISITION SERVICES, INC. is so that RECORDS ACQUISITION SERVICES, INC. may 1) bates stamp the records, 2) copy and/or create an electronic image of the records and 3) distribute the bates stamped copy and/or electronic image of the records to all requesting counselors, their designated agents or representatives, who enter an appearance or intervene in the above-styled lawsuit on behalf of any of the captioned parties, including but not limited to the undersigned, consenting counselors. A copy of all items procured pursuant to this court order will be provided to the plaintiff's counselor at no charge before or at the same time the items are made available to other requesting counselors of record and without any requirement that the plaintiff's lawyer expressly request said items.

RECORDS ACQUISITION SERVICES, INC. must provide a bates stamped copy and/or an electronic image of all records provided to it by a particular entity pursuant to this Order to all counselors, or their designated agents or representatives, who have requested records from the particular entity by way of RECORDS ACQUISITION SERVICES, INC. within five (5) business days of its receipt of records from the particular entity, provided an agreement is first made by RECORDS ACQUISITION SERVICES, INC. and the particular requesting counselor as to the reasonable fee for the services provided by RECORDS ACQUISITION SERVICES, INC. A bates stamped copy and/or electronic image of all records shall be provided to counsel for the plaintiffs at no cost.

In the event records have been received by RECORDS ACQUISITION SERVICES, INC. from a particular entity and no prior request for records from the particular entity has been made by a particular counselor, RECORDS ACQUISITION SERVICES, INC. must provide a bates stamped copy and/or an

electronic image of all records provided to it by the particular entity pursuant to this Order to the particular requesting counselor, or his or her designated agent or representative, within five (5) business days of the particular counselor's request, provided an agreement is first made by RECORDS ACQUISITION SERVICES, INC. and the particular requesting counselor as to the reasonable fee for the services provided by RECORDS ACQUISITION SERVICES, INC.

In the event that a particular counselor appearing or intervening in this action on behalf of one or more parties not presently consenting to this Order chooses not to utilize the services of RECORDS ACQUISITION SERVICES, INC. for any reason whatsoever, then the particular requesting counselor may seek an alternative authorization and/or Order allowing his or her own inspection and/or copying of the desired items related to the plaintiff and/or the plaintiff's decedent if applicable.

Further, it is ORDERED that RECORDS ACQUISITION SERVICES, INC. is strictly prohibited from releasing and/or disclosing any information it obtains pursuant to this Order to any individual or entity other than to counselors, their designated agents or representatives, who appear or intervene in the above-styled lawsuit on behalf of any of the captioned parties and only in connection with the captioned lawsuit. RECORDS ACQUISITION SERVICES, INC. shall be permitted to release and/or disclose the information obtained pursuant to this Order to counselors, their designated agents or representatives, appearing or intervening on behalf of parties in a separate legal action where an interest in the above captioned matter exists, but only if RECORDS ACQUISITION SERVICES, INC. is authorized to release the same pursuant to the terms of an Order entered in that action and/or other lawful means.

Further, it is ORDERED that, pursuant to 45 C.F.R. § 164.512, any disclosures of protected health information made pursuant to this Order shall be for judicial and administrative proceedings for which an authorization or opportunity to agree or object is not required. RECORDS ACQUISITION SERVICES, INC. hereby acknowledges that the protected health information released by covered entities pursuant to this court Order shall only be used in the course of the above-styled lawsuit. Plaintiff acknowledges that health information obtained pursuant to this Order may be used and disclosed for any purpose associated with the above-styled lawsuit, including review by experts, disclosure as part of

official pleadings or court documents, review by one or more independent medical examiner(s), or as part

of any other discovery or trial analysis process which may involve review by outside third parties.

Plaintiff thus acknowledges that health information used or disclosed pursuant to this court Order may be

subject to re-disclosure and may no longer be protected by federal or state law.

This Order complies with the provisions of the HIPAA Privacy Rules and shall remain in effect

until the final disposition of the above-styled lawsuit.

Further, it is ORDERED that any and all items obtained by RECORDS ACQUISITION

SERVICES, INC. pursuant to this Order shall be destroyed by RECORDS ACQUISITION SERVICES,

INC. within thirty (30) days after it receives notice of the final disposition of the above-styled lawsuit.

A certified copy of this Order shall be treated as an original.

ENTER this 21st day of June, 2013.


ENTER:

   /s H. Bruce Guyton
United States Magistrate Judge

APPROVED FOR ENTRY:
s/Robert l. Jolley   BPR #4707
800 S. Gay St., Suite 2100
Knoxville, TN  37929
865-521-0963
Counsel for Plaintiff

s/R. Arthur Jenkins  BPR #020153
The Jenkins Law Firm
P. O. Box 30104
Knoxville, TN  37930
865-531-7810
Counsel for Plaintiff

s/Peter Alliman   BPR #5984
White, Carson & Alliman
138 College St. South
Madisonville, TN 37354
423-442-9000
Counsel for Plaintiff

s/Michael W. Ritter
Michael W. Ritter  BPR #12229
103 W. Tennessee Ave.
Oak Ridge, TN  37830
865-482-7734
Counsel for Plaintiff


s/Debra  A..Thompson  BPR #015683
Raymond G. Lewallen   BPR #029272
Baker, O'Kane, Atkins & Thompson
P. O. Box 1708
Knoxville, TN  37901-1708
865-637-5600
Counsel for Defendant Michael A. LaPaglia, M.D.


s/F. Michael Fitzpatrick  BPR #001088
Rachel P. Hurt  BPR #026515
Arnett, Draper & Hagood
2300 First TN Plaza
Knoxville, TN  37929-2300
865-546-7000
Counsel for Defendants
Methodist Medical Center of Oak Ridge
 & Tammy Jones, R.N.


s/Heidi A. Barcus  BPR #015981
Jason H. Long  BPR #018088
London & Amburn
607 Market St., Suite 900
Knoxville, TN  37902
865-637-0203
Counsel for Defendants Southeastern
  Physicians, Inc. and Team Health, Inc.