UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WESLEY ANTWAN GULLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-371 |
| v. ) | (BUNNING/GUYTON) |
| ) | |
| MICHAEL A. LAPAGLIA, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On December 17, 2013, the parties appeared before the undersigned to address various pretrial motions including certain motions to quash. The Motions to Quash the Subpoena of Jericho Borja, M.D., are ripe for adjudication, and for the reasons stated herein, they will be **GRANTED**.

The procedural posture and facts of this case are familiar to the Court and the parties. On June 3, 2011, the Plaintiff was arrested and brought to Methodist Medical Center by police officers for the City of Oak Ridge. At Methodist Medical Center, Plaintiff was subjected to a digital rectal exam. The exam was performed by Dr. Michael LaPaglia, an employee of TeamHealth. The Plaintiff alleges that the exam and his treatment during his arrest violated 42 U.S.C. § 1983 and certain provisions of the Tennessee Code Annotated. He also presents various tort claims related to the incident. Plaintiff has settled with Dr. Lapaglia, TeamHealth, the City of Oak Ridge, and other defendants. At this time, only Methodist Medical Center and Tammy Jones, R.N., remain as defendants in this case.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court *must* quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits in Rule 45(c); (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). The Court may also quash subpoenas where: (i) the subpoena would require disclosure of a trade secret or confidential research; or (ii) the subpoena would require disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(c)(3)(B).

In the instant motion, the movant has indicated that the subpoena at issue should be quashed pursuant to Rule 45(c)(3)(A), because it subjects the proposed deponent to an undue burden. "Whether a subpoena imposes an 'undue burden' depends on the facts of the case including the need for the documents or their relevance." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *4 (S.D. Ohio Jan. 14, 2013). Whether a subpoena imposes an 'undue burden' depends on the facts of the case including the need for the documents or their relevance." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *4 (S.D. Ohio Jan. 14, 2013) (citing Kessler v. Palstar, Inc., 2011 WL 4036689, *1 (S.D. Ohio 2011)).

The Court must also consider Rule 26 of the Federal Rules of Civil Procedure, which delineates the scope of discovery and requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(C)(i), (iii).

Dr. Borja moves the Court to quash the subpoena for deposition served upon him because he has no relevant information. Dr. Borja states that he did not begin working at the Emergency Department of Methodist Medical Center until June 2012. He submits that he is not aware of

2

any facts surrounding the treatment of the Plaintiff in this matter and was not present during the encounter that underlies this case. Dr. Borja has submitted an Affidavit [Doc. 93-1] stating the same under oath. Methodist Medical Center[1] has also filed a Motion to Quash [Doc. 86], on behalf of Dr. Borja, moving the Court to quash the subpoena on the same grounds.

The Plaintiff did not file a written response to the Motions to Quash. However, at the hearing on this issue, counsel for the Plaintiff argued that the Plaintiff was entitled to discovery on Methodist Medical Center's policies and asserted that Dr. Borja may have historical knowledge of Methodist's policies. Plaintiff conceded that Dr. Borja did not have first-hand knowledge of the policies in place at the time of the incident involving the Plaintiff, but Plaintiff asserted that Dr. Borja might know if Methodist changed its policies after the incident. Plaintiff asserted that Dr. Borja's Affidavit was conclusory and did not fulfill his burden as movant to demonstrate undue burden.

Plaintiff's counsel represented to the Court that Plaintiff had not attempted to take the deposition of the person serving as the medical director at the time of the incident because Plaintiff did not know that person's identity. Counsel for the Defendant responded by stating that a "Dr. Kaye" was the medical director at the time of the incident.

The Court finds that the deposition at issue would impose an undue burden and would exceed the scope of discovery outlined in Rule 26. First, the Court finds that Dr. Borja has demonstrated that he has no personal knowledge of the relevant facts. He was not present in the room when the digital rectal exam of the Plaintiff took place; he was not present in the hospital

---

[1] Methodist Medical Center's standing to move to quash the subpoena on Dr. Borja's behalf is questionable. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents [or testimony] sought.'" Mann v. Univ. of Cincinnati, Nos. 95–3195, 95–3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997). Notwithstanding, the Plaintiff did not argue that Methodist lacked standing, and in the case of Dr. Borja, the issue was mooted by Dr. Borja's counsel filing a separate motion on Dr. Borja's behalf.

when it took place; he did not work at the hospital when it took place; and he did not work at the hospital during the year that followed the incident. Therefore, the Court finds that Dr. Borja does not possess factual information relevant to any party's claim or defense.

Second, the Court finds that Dr. Borja has demonstrated that he has no relevant knowledge of Methodist Medical Center's policies at the time of the incident or any changes thereto. Dr. Borja is not an employee of Methodist Medical Center, and there is no evidence that he has ever been an employee of Methodist. Instead, he is a subcontractor employed through TeamHealth. It is highly unlikely that, as a subcontractor, he can provide relevant testimony about the policies of Methodist Medical Center. Moreover, Dr. Borja only began working at Methodist Medical Center in the Emergency Department in June 2012, approximately one year after the incident. To the extent he is acquainted with the policies of Methodist Medical Center, his knowledge of these policies post-dates the incident by almost a year.

Based upon the foregoing, the Court finds that the requests to quash the subpoena served upon Dr. Borja are well-taken because the depositions exceed the scope of discovery under Rule 26 and because the depositions would impose an undue burden on Dr. Borja. Alternatively, the Court finds that any *de minimis* relevancy of Dr. Borja's testimony is outweighed by the burden imposed upon Dr. Borja in obtaining such testimony. Accordingly, the Motion to Quash the Subpoena of Jericho Borja, M.D., **[Doc. 93]** is **GRANTED**, and to the extent it moves the Court to quash the deposition of Dr. Borja, the Motion to Quash Subpoena of Lisa Chadwick and Jericho Borja, M.D., **[Doc. 86]** filed by Methodist Medical Center, is **GRANTED**.

    **IT IS SO ORDERED**.

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge

4