UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WESLEY ANTWAN GULLEY, )
)
Plaintiff, )
) No. 3:12-CV-371
v. ) (BUNNING/GUYTON)
)
MICHAEL A. LAPAGLIA, M.D., *et al.*, )
)
Defendants. )

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On December 17, 2013, the parties appeared before the undersigned to address various pretrial motions including certain motions to quash. The Motion to Quash the Subpoena of Lisa Chadwick[1] is now ripe for adjudication, and for the reasons stated herein, it will be **DENIED**.

The procedural posture and facts of this case are familiar to the Court and the parties. On June 3, 2011, the Plaintiff was arrested and brought to Methodist Medical Center by police officers for the City of Oak Ridge. At Methodist Medical Center, Plaintiff was subjected to a digital rectal exam. The exam was performed by Dr. Michael LaPaglia, an employee of TeamHealth. The Plaintiff alleges that the exam and his treatment during his arrest violated 42 U.S.C. § 1983 and certain provisions of the Tennessee Code Annotated. He also presents various tort claims related to the incident. Plaintiff has settled with Dr. Lapaglia, TeamHealth,

---

[1] The motion was originally entitled: "Motion to Quash Subpoena of Lisa Chadwick and Jericho Borja, M.D." [Doc. 86]. The Court addressed the request to quash the subpoena served upon Dr. Borja by separate order, and therefore, the Court will refer to the motion as "Motion to Quash Subpoena of Lisa Chadwick" herein.

the City of Oak Ridge, and other defendants. At this time, only Methodist Medical Center and Tammy Jones, R.N., remain as defendants in this case.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court *must* quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits in Rule 45(c); (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). The Court may also quash subpoenas where: (i) the subpoena would require disclosure of a trade secret or confidential research; or (ii) the subpoena would require disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(c)(3)(B).

In the instant motion, the movant has indicated that the subpoena at issue should be quashed pursuant to Rule 45(c)(3)(A), because it subjects the proposed deponent to an undue burden. "Whether a subpoena imposes an 'undue burden' depends on the facts of the case including the need for the documents or their relevance." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *4 (S.D. Ohio Jan. 14, 2013) (citing Kessler v. Palstar, Inc., 2011 WL 4036689, *1 (S.D. Ohio 2011)). The Court must also consider the parameters of Rule 26 of the Federal Rules of Civil Procedure, which require a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(C)(i), (iii).

Methodist Medical Center[2] moves the Court to quash the deposition of Lisa Chadwick. Ms. Chadwick is a risk manager for Covenant Health. Ms. Chadwick is not a party to this case,

---

[2] Methodist Medical Center's standing to move to quash the subpoena on Ms. Chadwick's behalf is questionable. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents [or testimony] sought.'" Mann v. Univ. of Cincinnati, Nos. 95–3195, 95–3292, 1997 WL

and she is not an employee of Methodist. Methodist asserts that Ms. Chadwick has no firsthand knowledge of the events at issue, because she was not present at the incident and did not provide medical care and treatment to the Plaintiff. Method asserts that any information Ms. Chadwick learned in her official capacity are protected by the work-product doctrine, the Tennessee Patient Safety and Quality Improvement Act of 2011, and the Federal Patient Safety and Quality Improvement Act of 2005.

The Plaintiff did not file a written response in opposition to Methodist's motion. However, at the hearing, counsel for the Plaintiff argued that Ms. Chadwick's relevant knowledge is not wholly protected by the work-product doctrine, the Tennessee Patient Safety and Quality Improvement Act of 2011, and the Federal Patient Safety and Quality Improvement Act of 2005. Plaintiff asserts that Ms. Chadwick is likely to be familiar with policies of Methodist and Covenant Health that are relevant to the issues in this case, and she should be required to testify about the same.

The Court finds that Methodist's request to quash Ms. Chadwick's deposition is not well-taken. The Court finds that a portion of Ms. Chadwick's testimony may be protected by common law or statutory privileges. However, the Court is not prepared to rule that Plaintiff should be barred from taking Ms. Chadwick's deposition, because Ms. Chadwick may have knowledge about the policies, procedures, and oversight at Methodist at the time of the incident that is relevant to this case and likely to lead to the discovery of admissible evidence. The Court finds that Methodist has not demonstrated that the proposed deposition would be unduly burdensome on Ms. Chadwick or that it is duplicative or otherwise unnecessary.

---

280188, at *4 (6th Cir. May 27, 1997). However, the Plaintiff did not argue that Methodist lacked standing, and because the Court finds that the request to quash the deposition is not well-taken, the Court finds that it is not necessary to deny the motions on procedural grounds.

Accordingly, the Court finds that the Motion to Quash the Subpoena of Lisa Chadwick **[Doc. 86]** is not well-taken, and it is **DENIED**. Ms. Chadwick may sit for a deposition and assert any privileges that she, in good faith, believes she possesses in response to questions at the deposition in accordance with Rule 30(c)(2) of the Federal Rules of Civil Procedure. To the extent Plaintiff seeks to compel any testimony which Ms. Chadwick declines to provide, he may file appropriate motions.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge