UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WESLEY ANTWAN GULLEY,            )
                                 )
        Plaintiff,                )
                                 )   No. 3:12-CV-371
v.                               )   (BUNNING/GUYTON)
                                 )
MICHAEL A. LAPAGLIA, M.D., *et al.*, )
                                 )
        Defendants.               )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On December 17, 2013, the parties appeared before the undersigned to address various pretrial motions including certain motions to quash. The Motions to Quash the Subpoena *Duces Tecum* of Patricia Breeding is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED**.

The procedural posture and facts of this case are familiar to the Court and the parties. On June 3, 2011, the Plaintiff was arrested and brought to Methodist Medical Center by police officers for the City of Oak Ridge. At Methodist Medical Center, Plaintiff was subjected to a digital rectal exam. The exam was performed by Dr. Michael LaPaglia, an employee of TeamHealth. The Plaintiff alleges that the exam and his treatment during his arrest violated 42 U.S.C. § 1983 and certain provisions of the Tennessee Code Annotated. He also presents various tort claims related to the incident. Plaintiff has settled with Dr. Lapaglia, TeamHealth, the City of Oak Ridge, and other defendants. At this time, only Methodist Medical Center and Tammy Jones, R.N., remain as defendants in this case.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court *must* quash or modify a subpoena that: (i) does not allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits in Rule 45(c); (iii) requires disclosure of a privileged or protected matter; or (iv) subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A). The Court may also quash subpoenas where: (i) the subpoena would require disclosure of a trade secret or confidential research; or (ii) the subpoena would require disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(c)(3)(B).

In the instant motion, the movant has indicated that the subpoena at issue should be quashed pursuant to Rule 45(c)(3)(A), because it subjects the proposed deponent to an undue burden. "Whether a subpoena imposes an 'undue burden' depends on the facts of the case including the need for the documents or their relevance." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *4 (S.D. Ohio Jan. 14, 2013) (citing Kessler v. Palstar, Inc., 2011 WL 4036689, *1 (S.D. Ohio 2011)). The Court must also consider the parameters of Rule 26 of the Federal Rules of Civil Procedure, which require a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(2)(C)(i), (iii).

Methodist Medical Center[1] moves the Court to quash the deposition of Patricia Breeding. Ms. Chadwick is an Integrity Compliance Officer for Covenant Health. Ms. Breeding is not a party to this case, and she is not an employee of Methodist. Ms. Breeding has submitted an

---

[1] Methodist Medical Center's standing to move to quash the subpoena on Ms. Breeding's behalf is questionable. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents [or testimony] sought.'" Mann v. Univ. of Cincinnati, Nos. 95–3195, 95–3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997). However, the Plaintiff did not argue that Methodist lacked standing.

Affidavit [Doc. 81-1], stating that she is familiar with the Covenant Health Code of Conduct. She submits that, "while the Code has guidelines for appropriate standards of patient care, the Code does not establish the standard of care for nurses practicing in Anderson County, Tennessee, or a similar community in June 2011." [Doc. 81-1 at ¶ 4]. Ms. Breeding states that she has "never been informed of any events regarding the care and treatment of [Plaintiff] on June 3, 2011." [Id. at ¶ 5].

The Plaintiff responds that Ms. Jones claims she followed hospital policy in treating the Plaintiff. [Doc. 84]. At the hearing, counsel for the Plaintiff reiterated that the Code of Conduct and Ms. Breeding's knowledge of it is relevant to the Plaintiff's claims because Ms. Jones asserts that she simply followed hospital policy. The Plaintiff also argues that the Code of Conduct may yield relevant information relating to Methodist's cooperation in permitting the examination.

On December 18, 2013, Methodist produced the Covenant Health Code of Conduct. The Court has reviewed the Code of Conduct, and the Court finds that the document generally addresses ethics – specifically ethics in business and the work place. The Court finds that only a single page of the twenty-three page document addresses patient care, and only a few portions of the material on that page are even arguably relevant to the instant case. [See Doc. 96-1 at 6]. The Code of Conduct offers little in the way of guidance or governance for patient care.

Therefore, the Court finds that Ms. Breeding's testimony is unlikely to make facts at issue in this case more or less probable, and as a result, it is not relevant. The Court finds that the burden imposed upon Ms. Breeding in this deposition would be undue, since the deposition is unlikely to yield relevant testimony. Alternatively, the Court finds that any *de minimis* relevancy of Ms. Breeding's testimony is outweighed by the burden of obtaining it. Therefore, the Court will grant the request to quash the subpoena commanding Ms. Breeding's testimony.

With regard to any document production related to the subpoena *duces tecum* served upon Ms. Breeding, the Court finds that this issue is moot. Neither party has presented a copy of the subpoena *duces tecum* to the undersigned. However, the parties have indicated that the subpoena sought the Code of Conduct. The Code of Conduct was filed in CM/ECF on December 18, 2013, and thus, it is now available to the Plaintiff. Because the Code of Conduct was the primary document sought through the subpoena *duces tecum*, the Court finds that the request for document production is now moot.

Based upon the foregoing, the Motions to Quash Subpoena *Duces Tecum* of Tisha Breeding **[Docs. 81, 83]** are **GRANTED**. The command that Ms. Breeding provide testimony under oath is **QUASHED**, and any accompanying command for documents is **VACATED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

                                          s/ H. Bruce Guyton
                                       United States Magistrate Judge