UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WESLEY ANTWAN GULLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-371 |
| v. ) | (BUNNING/GUYTON) |
| ) | |
| MICHAEL A. LAPAGLIA, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On December 17, 2013, the parties appeared before the undersigned to address certain pretrial motions including Plaintiff's First Motion to Allow Deposition Examination of Parties and Other Witnesses [Doc. 85]. Therein, Plaintiff moves the Court to allow his counsel to continue a deposition examination of Defendant Nancy Jones, R.N. Specifically, he moves the Court to allow him to examine Ms. Jones with regard to whether other patients were threatened with paralysis and digital rectal examinations. [Id. at 2]. Plaintiff also requests that his counsel be allowed to examine other witnesses on this topic. [Id.].

The Defendants[1] oppose the Plaintiffs' Motion to Allow Deposition Examination. At the hearing, Defendants argued that, while Plaintiff contends that he needs additional information about Methodist Medical Center's policies, he really just wants additional information about the paralysis and digital rectal examination performed on Felix Booker. Defendant maintains that

---

[1] Only Methodist Medical Center of Oak Ridge and Tammy Jones, R.N., remain as defendants in this case.

Plaintiff is attempting to make inroads around a stay of discovery imposed in Mr. Booker's case: Booker v. Lapaglia, Case No. 3:11-CV-126.

The Court has considered the scope of discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure along with the procedural posture of both the instant matter and Booker v. Lapaglia, Case No. 3:11-CV-126. The Court finds that the Plaintiff's First Motion to Allow Deposition Examination of Parties and Other Witnesses [Doc. 85] is well-taken, in part. The Court finds that Plaintiff may examine Ms. Jones regarding any similar incidents she witnessed that are "relevant to any party's claim or defense," in this case. Fed. R. Civ. P. 26(b)(1). There is no indication that the stay of discovery in Booker v. Lapaglia, Case No. 3:11-CV-126, was meant to be a universal stay of all similar matters, and the Court declines to interpret the stay as being so expansive.

Accordingly, the Court will permit a supplemental deposition of Ms. Jones, not to exceed **three (3) hours** in duration. The parties **SHALL** work diligently to coordinate a date and time for this deposition to take place before discovery closes on **January 15, 2014**. If counsel for Ms. Jones has a good-faith belief that questioning in this deposition exceeds the scope of discovery,[2] counsel may contact the chambers of the undersigned for a telephonic conference to address an oral motion for protective order.

To the extent Plaintiff's motion seeks specific leave to conduct other depositions, it is **DENIED AS MOOT**. The scope of discovery in this case is limited only by the Scheduling Order and the Federal Rules of Civil Procedure. Plaintiff may undertake any depositions that fall within the scope of discovery found in Rule 26 of the Federal Rules of Civil Procedure and comply with Rule 30 and any other applicable provision of the Federal Rules of Civil Procedure. However, all discovery must be completed on or before **January 15, 2014**.

---

[2] See Fed. R. Civ. P. 26(b)(1).

In sum, the Plaintiff's First Motion to Allow Deposition Examination of Parties and Other Witnesses **[Doc. 85]** is **GRANTED IN PART** and **DENIED IN PART** as stated above.

**IT IS SO ORDERED.**

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge