UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WESLEY ANTWAN GULLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-371 |
| v. ) | (BUNNING/GUYTON) |
| ) | |
| MICHAEL A. LAPAGLIA, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Interrogatory Answers of Defendant Methodist Medical Center [Doc. 91]. In his Motion to Compel, Plaintiff moves the Court to order Defendant Methodist Medical Center ("Methodist") to respond to Interrogatory No. 5 and to award fees and costs incurred in filing the Motion to Compel. Interrogatory No. 5 asks if, prior to June 3, 2011, Methodist performed an investigation of a body-cavity search similar to the body-cavity search that is alleged to have taken place in this case. If an investigation was performed, Interrogatory No. 5 asks that Methodist identify the person(s) who conducted the investigation and identify "all documents or records relating to the investigation." [Doc. 91 at 2]. Methodist objected to Interrogatory No. 5, asserting that it requested privileged information and information that was confidential pursuant to Tenn. Code Ann. §§ 63-1-150 and 68-11-272. [Id.].

In his motion, Plaintiff argues that the information requested is not privileged because federal law supplies the rule of decision on issues of privilege, and he maintains that there is no

peer-review privilege established under federal law. [Id. at 6]. Further, Plaintiff argues that Tenn. Code Ann. §§ 63-1-150 and 68-11-272 do not protect the information requested in Interrogatory No. 5 from disclosure. [Id. at 12-13]. Finally, Plaintiff argues that the public interest would be served by disclosing the information at issue, and the public interest in such information outweighs any protections provided by applicable privileges or statutes. [Id. at 13].

Methodist responds that the information requested in Interrogatory No. 5 is protected by four distinct privileges and statutes, which include: the Tennessee Patient Safety and Quality Improvement Act of 2011, Tenn. Code Ann. § 68-11-272; the Federal Patient Safety and Quality Improvement Act of 2005, 42 U.S.C. § 299b-21 *et seq.*; the self-critical analysis privilege, and the work-product doctrine. [Doc. 102].

The Court has considered the parties' positions, and the Court finds that the Motion to Compel is well-taken in part. Pursuant to Rule 501 of the Federal Rules of Civil Procedure, federal law governs issues of privilege related to Plaintiff's claim under 42 U.S.C. § 1983. However, Tenn. Code Ann. § 68-11-272 states that information regarding the evaluation and review of methods, procedures, or treatments utilized by healthcare professionals "shall be confidential and privileged and shall be protected from direct and indirect means of discovery, subpoena or admission into evidence in any judicial or administrative proceeding." See 68-11-272(c)(3)-(d)(1).

While comity favors recognizing state law privilege, see Mem'l Hosp. for McHenry County v. Shadur, 664 F.2d 1058 (7th Cir. 1981); John B. v. Goetz, 879 F. Supp. 2d 787, 901 (M.D. Tenn. 2010), it has been suggested that there is a "consensus among lower courts and in other circuits that no federal privilege protects medical peer review materials in civil rights or antitrust actions . . . ." Veith v. Portage County, Ohio, 2012 WL 4850197, at *2 (N.D. Ohio Oct.

11, 2012) (citing <u>Francis v. United States</u>, 2011 WL 2224509, at *4 (S.D.N.Y. May 31, 2011)). Notwithstanding, the timing of the peer review in this case and the action's correlation to medical treatment may weigh in favor of finding that the materials at issue are protected by a peer-review privilege. <u>Veith</u>, 2012 WL 4850197, at *4-5.

The issue now before the Court is whether Methodist will *identify*: (1) the person(s) who conducted an investigation into body-cavity search issues and (2) the documents and records relating to any such investigation. Given the varied case law on the privilege issue presented and the importance of this issue to both parties, the Court finds that it is appropriate to compel Methodist to identify the persons and documents requested and to permit additional briefing following such identification.

The identification of persons and documents will serve the dual purpose of responding to Interrogatory No. 5 and of composing the initial information for a privilege log. The list of person(s) and documents will be produced to counsel for the Plaintiff, and counsel for the Plaintiff may file a motion to compel specific documents or deposition testimony. Methodist will then have an opportunity to respond and to distinguish this case from other federal cases finding "that no federal privilege protects medical peer review materials in civil rights or antitrust actions." <u>Veith</u>, 2012 WL 4850197, at *2. Moreover, Methodist will have an opportunity to assert its alleged privileges with additional specificity.

The Court finds that Plaintiff's request for attorneys' fees pursuant to Rule 37(a)(5) is not well-taken. The Court finds that the circumstances of the instant motion make an award of fees and expenses unjust at this juncture. <u>See</u> Fed. R. Civ. P. 37(a)(5)(iii).

Accordingly, the Motion to Compel **[Doc. 91]** is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. On or before **January 28, 2014**,

   a. Methodist **SHALL STATE** whether, prior to June 3, 2011, Methodist performed an investigation of a body-cavity search similar to the body-cavity search that is alleged to have taken place in this case; and

   b. If such an investigation was performed, Methodist **SHALL IDENTIFY**: (i) the person(s) who conducted the investigation and (ii) the documents or records relating to the investigation.

2. If Plaintiff seeks to compel production of any of the documents or records identified by Methodist or if Plaintiff seeks to compel the deposition of any persons identified, Plaintiff **SHALL FILE** a motion to compel – identifying the specific documents or testimony sought and the relevancy of such – on or before **February 3, 2014**.

3. If the Plaintiff files a motion to compel, Methodist **SHALL RESPOND** to the motion to compel on or before **February 10, 2014**.

4. Plaintiff may file a final reply in support of his position on or before **February 12, 2014**.

5. Plaintiff's request for an award of attorneys' fees and expenses with relation to the instant motion is **DENIED**.

   **IT IS SO ORDERED.**

   ENTER:

   /s H. Bruce Guyton
   United States Magistrate Judge